UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMGEN INC. DERIVATIVE LITIGATION | Lead Case No.: 1:23-cv-06754-JPC |

### JOINT STIPULATION AND [PROPOSED] ORDER REGARDING A STAY THROUGH THE RESOLUTION OF THE SECURITIES ACTION

**WHEREAS**, on August 2, 2023, plaintiff Leon Martin filed in this Court a shareholder derivative action purportedly on behalf of nominal defendant Amgen Inc. ("Amgen" or the "Company") against defendants Robert A. Bradway, Wanda Austin, Michael Drake, Brian Druker, Robert Eckert, Greg Garland, Charles Holley Jr., S. Omar Ishrak, Tyler Jacks, Ellen Kullman, Amy E. Miles, Ronald Sugar, R. Sanders Wiliams, and Peter H. Griffith, captioned *Martin v. Bradway et al.*, Case No. 1:23-cv-06754-JPC (the "*Martin* Action");

**WHEREAS**, on December 1, 2023, plaintiff Cheri Clearwater (together with plaintiff Leon Martin, "Plaintiffs") filed in this Court a shareholder derivative action purportedly on behalf of nominal defendant Amgen against substantially the same defendants[1] named in the *Martin* Action (collectively, the "Individual Defendants," and together with the Company, "Defendants," and together with Plaintiffs, the "Parties"), captioned *Clearwater v. Bradway et al*, Case No. 1:23-cv-10538-JPC (the "*Clearwater* Action");

**WHEREAS**, on September 26, 2023, the parties in the *Martin* Action filed a consent letter motion and stipulation and proposed order to stay pending resolution of any motions to dismiss filed in the related securities class action captioned *In re Amgen Inc. Securities Litigation*, Case

---

[1] On December 7, 2023, Plaintiff Leon Martin filed a Notice of Voluntary Dismissal As To Defendant Michael Drake in the *Martin* Action. (ECF No. 25.) The *Clearwater* Action did not name Michael Drake as a defendant.

No. 1:23-cv-02138-JPC (the "Securities Action") which was so ordered by the Court on October 2, 2023 (the "Original Stay Order," ECF No. 24);

**WHEREAS**, on January 16, 2024, this Court entered an order consolidating the *Martin* Action and the *Clearwater* Action into one case (the "Consolidated Action") pursuant to a new joint stipulation, which, *inter alia*, relieved Defendants of any obligation to respond to the complaint in the *Clearwater* Action, designated the complaint filed in the *Martin* action as the operative complaint for the Consolidated Action (the "Complaint," ECF No. 1), and applied the Original Stay Order to the Consolidated Action (the "Consolidated Stay Order," ECF No. 27);

**WHEREAS**, on September 30, 2024, a decision was rendered on the motion to dismiss filed in the Securities Action;

**WHEREAS**, on October 25, 2024, this Court entered an order (1) directing the Parties to submit a proposed scheduling stipulation concerning any motion practice necessary before this Court on or before November 29, 2024, and (2) extending the time for Defendants to answer, move against or otherwise respond to the Complaint to a date to be determined by this Court following the submission of the proposed scheduling stipulation (ECF No. 30);

**WHEREAS**, three related derivative actions, captioned *David Hamilton v. Robert A. Bradway, et al.*, Case Number: 2024-1063-JTL, *Charles R. Blackburn v. Robert A. Bradway, et al.*, Case Number: 2024-1144-JTL, and *Robert Bryla v. Robert A. Bradway, et al.*, Case Number: 2024-1263- (the "Related Derivative Actions"), have been filed in the Delaware Court of Chancery;

**WHEREAS**, on November 27, 2024, the parties in the Consolidated Action filed a consent letter motion to request a 10-day extension of the deadline for the parties to submit a proposed

scheduling stipulation to the Court, moving the previous November 29, 2024 deadline to December 9, 2024, which was so ordered by the Court on December 2, 2024 (ECF No. 33);

**WHEREAS**, the Parties have engaged in discussions about how to proceed with the derivative cases in the most efficient manner, and believe that staying the Consolidated Action through the resolution of the Securities Action will best promote judicial efficiency and conservation of resources between the Parties and the Court;

**NOW, THEREFORE**, the Parties, therefore, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as set forth below.

1. The Consolidated Action is stayed for all purposes pending the entry of final judgment in the Securities Action;

2. Defendants' time to answer, move against or otherwise respond to the Complaint in the Consolidated Action is extended to thirty (30) days after the stay is lifted;

3. The Parties preserve, and do not waive, any claims, defenses or objections, including all jurisdictional and venue defenses, to the Consolidated Action;

4. In the event that a mediation or court-ordered settlement conference is held in an effort to settle the Securities Action, counsel for Defendants shall provide counsel in this action with reasonable advance notice of said mediation. Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiffs in any such mediation;

5. If any Related Derivative Action is not stayed for the same or longer duration as the stay of the Consolidated Action, Plaintiffs may terminate this stipulated stay upon thirty (30) days' written notice via email to the undersigned counsel for Defendants. If Plaintiffs terminate the stipulated stay pursuant to this paragraph, Defendants reserve the right to file a motion for a

further stay of proceedings, which Plaintiffs may oppose; and

6. Notwithstanding the agreed-upon stay of the Consolidated Action, Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay and will have thirty (30) days after the stay is lifted to answer, move against or otherwise respond to such amended pleading.

DATED:  December 9, 2024
           New York, New York

| **RIGRODSKY LAW, P.A.** | **SKADDEN, ARPS, SLATE,**<br>  **MEAGHER & FLOM LLP** |
|---|---|
|  /s/ Seth D. Rigrodsky    |  /s/ Jay B. Kasner         |
| Seth D. Rigrodsky | Jay B. Kasner |
| Timothy J. MacFall | Tansy Woan |
| Gina M. Serra | One Manhattan West |
| Vincent A. Licata | New York, New York 10001 |
| 825 East Gate Boulevard, Suite 300 | Telephone: (212) 735-3000 |
| Garden City, NY 11530 | jay.kasner@skadden.com |
| Telephone: (516) 683-3516 | tansy.woan@skadden.com |
| sdr@rl-legal.com | |
| tjm@rl-legal.com | Peter B. Morrison |
| gms@rl-legal.com | 300 South Grand Avenue, Ste. 3400 |
| vl@rl-legal.com | Los Angeles, California 90071 |
| | Telephone: (213) 687-5000 |
| | peter.morrison@skadden.com |
| *Counsel for Plaintiff Leon Martin* | *Counsel for Nominal Defendant Amgen Inc.* |

**THE BROWN LAW FIRM, P.C.**

 /s/ Timothy Brown   
Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net

*Attorneys for Plaintiff Cheri Clearwater*

**SO ORDERED.**

Dated: <u>December 10</u> , 2024
      New York, New York

————————————————
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE